FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS CLARK,<br><br>                Plaintiff,<br><br>v.<br><br>TIM BLACKMAN,<br><br>                Defendant. | No.   2-19-cv-00166-SMJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE** |

Before the Court, without oral argument, is *pro se* Plaintiff Jimmy Ellis Clark's "Motion for Enlargement of Time Fed. R. 6(b) and Reconsideration of Motion to File Supplemental Pleading 15(a)(2) and Motion for Joinder 19(a)(1)," ECF No. 14. Having reviewed the motions and the record, the Court is fully informed, denies the motion for reconsideration, and grants a limited extension of the time in which to effect service of the Summons and Complaint on Defendant Tim Blackman.

## MOTION FOR RECONSIDERATION

Plaintiff appears to move the Court to reconsider its earlier ruling denying his motion to add, as additional Defendants, Stevens County Superior Court Judges

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING
IN PART MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE – 1

Rebecca Baker and Jessica Reeves and Stevens County Deputy Prosecuting Attorney Lloyd Nickel.[1] ECF No. 14 at 2–7. Plaintiff alleged these individuals, who apparently took part in the foreclosure proceedings giving rise to this litigation, lacked authority under Washington law to occupy their respective offices. *See* ECF No. 10-2 at 28–29. The Court denied those motions, concluding the *Rooker-Feldman* doctrine prohibited it from exercising jurisdiction over Plaintiff's *de facto* appeal of the foreclosure judgment. ECF No. 13 at 1–5.

Prior to entry of final judgment, the Federal Rules of Civil Procedure provide no mechanism by which the Court may reconsider a prior order. *See* Fed. R. Civ. P. 59(e). It is the general practice of this Court to entertain such motions consistent with the procedures governing motions for reconsideration in the United States District Court for the Western District of Washington.[2] Under that standard, the

---

[1] The Court also infers that Plaintiff seeks to amend the Complaint to allege for the first time that the Stevens County Treasurer—earlier identified as Susan Harnash—failed to comply with Washington law concerning notice of the foreclosure sale of Plaintiff's property. *See* ECF No. 14 at 5. Yet in this regard Plaintiff only includes a quotation from a decision of the Washington Court of Appeals. *Id.* Plaintiff still fails to include specific factual allegations establishing how Ms. Harnash personally participated in a deprivation of Plaintiff's rights, and the Court therefore declines to revisit its earlier ruling denying Plaintiff leave to join her as a Defendant. *See* ECF No. 9 at 9; ECF No. 13 at 2 n.1.

[2] The Court typically authorizes such motions in civil scheduling orders. However, such scheduling orders are only issued after a telephonic scheduling conference, which has not been scheduled in this case because the Complaint has not been served on Defendant Blackman.

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE – 2

party seeking reconsideration must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." Local Rules W.D. Wash. 7(h)(2). A motion for reconsideration will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. 7(h)(1).

In moving for reconsideration, Plaintiff does no more than reiterate the same legal and factual arguments he put forth when originally moving to join Judges Reeves and Baker, and Deputy Prosecuting Attorney Lloyd Nickel, as Defendants. *See* ECF No. 14 at 3 (citing ECF No. 10-2) (describing Stevens County officials as "usurpers"). In fact, Plaintiff twice incorporates by reference the arguments he put forth—and which the Court rejected—in his earlier motion. *See id.* at 5 (citing ECF No. 10-2). Plaintiff points to nothing he believes the Court "overlooked or misapprehended," nor "any new matters being brought to the court's attention for the first time." Local Rules W.D. Wash. 7(h)(2). In other words, though Plaintiff evidently disagrees with the Court's earlier ruling, he has failed to establish why that decision merits revisiting. Absent such a basis, the appropriate vehicle to seek review of the Court's ruling is an appeal upon entry of final judgment. The motion

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE – 3

for reconsideration is denied.

## MOTION FOR ENLARGEMENT OF TIME FOR SERVICE

Plaintiff next moves for additional time in which to serve the Summons and Complaint on Defendant Tim Blackman, as authorized by the Court's Order Directing Service, ECF No. 9 at 7–8. ECF No. 14 at 1–2. In that Order, entered December 9, 2019, the Court cautioned Plaintiff that service must be effected within ninety days—that is, by March 8, 2020. ECF No. 9 at 14. Plaintiff was reminded of this deadline in the Order Denying Motions to Amend and to Join Additional Defendant. ECF No. 13 at 8. Plaintiff has not filed a proof of service and did not seek additional time in which to do so until after the deadline.[3] *See* ECF No. 14-2.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend the time in which "an act may or must be done," on motion of a party after the deadline has passed, "if the party failed to act because of excusable neglect." Plaintiff asserts additional time is needed to establish "through supplemental pleadings" that the proposed additional Defendants acted without lawful authority. ECF No. 14 at 1–2. But the deadline Plaintiff seeks to extend—and which, because it has passed, could result in this action being dismissed—is that for effecting service of process on

---

[3] Though the motion is dated March 14, 2020, and was not received by the Court until March 18, 2020, the transmittal envelope is dated March 16, 2020. ECF Nos. 14, 14-2. Service by mail is effective "upon mailing"—here, on March 16, 2020. Fed. R. Civ. P. 5(b)(2)(C). However, even applying the earliest, March 14 date, the motion was not filed until after the deadline for service.

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE – 4

Defendant Blackman, against whom the Court permitted Plaintiff's claims to proceed. ECF No. 9 at 7–8. Plaintiff's motion makes no effort to establish that his failure to effect service was attributable to excusable neglect, and thus the Court would typically deny his request for additional time. However, owing to Plaintiff's *pro se* status, the Court will authorize Plaintiff to effect service **within twenty-one days of the entry of this Order**. Plaintiff is again cautioned that failure to timely effect service may result in this action being dismissed for failure to prosecute. *See* Fed. R. Civ. P. 4(m); LCivR 4(m). Plaintiff is further reminded that he is expected to read and abide by the Federal Rules of Civil Procedure and the Local Civil Rules.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Motion for Enlargement of Time Fed. R. 6(b) and Reconsideration of Motion to File Supplemental Pleading 15(a)(2) and Motion for Joinder 19(a)(1), **ECF No. 14**, is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Plaintiff.

**DATED** this 17th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE – 5